# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHEPHERD INVESTMENTS**
**INTERNATIONAL, LTD.,**
          **Plaintiff,**

    v.                                                    Case No. 03C0703

**VERIZON COMMUNICATIONS INC.,**
          **Defendant.**

## DECISION AND ORDER

On June 1, 2005, I issued a decision and order in the above-captioned matter in which, among other things, I denied defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(2) based on the absence of personal jurisdiction. Pursuant to 28 U.S.C. § 1292(b), defendant now asks me to amend the decision and order to include a certification for immediate interlocutory appeal.

Under § 1292(b), a district court may certify an order for interlocutory appeal if it concludes that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." In determining whether to grant a § 1292(b) petition, a court must consider four statutory criteria: "there must be a question of <u>law</u>, it must be <u>controlling</u>, it must be <u>contestable</u>, and its resolution must promise to <u>speed up</u> the litigation." <u>Ahrenholz v. Bd. of Trs. of Univ. of Ill.</u>, 219 F.3d 674, 675 (7th Cir. 2000). The party seeking interlocutory review has the burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of

postponing appellate review until after the entry of a final judgment." Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972).

In the present case, I will deny defendant's application because the question that defendant seeks to raise on appeal is not a "question of law" as the Seventh Circuit defines that phrase in reference to § 1292(b), and because there is not a "substantial ground for difference of opinion" concerning the question.

In the § 1292(b) context, the Seventh Circuit defines the phrase "question of law" as:

> a question of the meaning of a statutory or constitutional provision, regulation or common law doctrine . . . . We also think . . . that the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either . . . . We think they used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case . . . . To summarize, district judges should . . . remember that "question of law" means an abstract legal issue . . . .

Ahrenholz, 219 F.3d at 676-77; see also 19 James Wm. Moore, et al., Moore's Federal Practice § 203.31[2] (3d ed. 1999) (stating that in the Seventh Circuit, district courts should only grant interlocutory appeals "for abstract legal issues that can be decided quickly and cleanly without having to study the record"). Accordingly, district courts should not authorize interlocutory appeals for other types of issues. Id.

In the present case, defendant seeks to raise the question of whether it had sufficient contacts with Wisconsin to enable Wisconsin courts to exercise personal jurisdiction. In order to resolve this question, the court of appeals would have to perform

2

several tasks. First, it would have to study the record to determine what contacts defendant had with Wisconsin. Second, it would have to determine which contacts count toward personal jurisdiction. This is so because defendant disputes whether certain of its Wisconsin activities such as intervening in a court case and lobbying Wisconsin governmental officials are relevant to personal jurisdiction. Third, the court of appeals would have to determine how much weight to give to each of defendant's Wisconsin contacts. Finally, it would have to assess whether the relevant contacts, considered cumulatively, support the exercise of personal jurisdiction by Wisconsin courts consistent with due process. As the foregoing discussion makes clear, the question that defendant seeks to raise on interlocutory appeal is not an abstract legal issue. The court of appeals would have to study the record, decide which facts were relevant and measure the relevant facts against a somewhat imprecise legal standard, that of minimum contacts. Thus, defendant does not seek to raise a "question of law" as the Seventh Circuit uses that phrase in connection with § 1292(b).

In addition, a district court should not certify an order for interlocutory appeal unless it believes that the order presents a question "as to which there is a substantial ground for difference of opinion." To satisfy this requirement, it is not enough that there be a difference of opinion, there must be a substantial ground for such difference. As discussed, defendant seeks to raise the question of whether it had sufficient Wisconsin contacts to enable Wisconsin courts to exercise personal jurisdiction. In disagreeing with my decision on the issue, defendant makes several arguments. It first suggests that I did not apply precedent. I disagree. Although I used legal scholarship and particularly Professor Brilmayer's concept of "insiderness" to illuminate and provide a context for the

minimum contacts doctrine, I applied the doctrine and the principal Supreme Court and Seventh Circuit cases discussing it. E.g., Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945); Perkins v. Benguet Consol. Min. Co., 342 U.S. 437 (1952); Stauffacher v. Bennett, 969 F.2d 455 (7th Cir. 1992). Defendant also contends that I based the decision on the fact that it has Wisconsin shareholders. I disagree with this assertion as well. The decision focused on defendant's Wisconsin activities.

Defendant cannot reasonably dispute that it engaged in a number of such activities. It aggressively attempted to sell stock in Wisconsin, mailing four solicitation letters every year to each of 15,000 Wisconsin residents. Thus, defendant mailed 60,000 personal letters every year to Wisconsin residents soliciting them to purchase its stock. Defendant also solicited Wisconsin residents to its purchase stock via an interactive website. Nor does defendant dispute that as a result of its solicitations it sold considerable stock in Wisconsin. Defendant also promoted itself in Wisconsin: by mailing six letters a year (in addition to its solicitations) to 15,000 Wisconsin residents, by disseminating information on its website and by conducting quarterly conference calls with professional investors including many in Wisconsin. In addition, defendant's predecessor was registered to do business in Wisconsin, and in every quarter defendant deposited over 1000 checks in 140 Wisconsin banks. Further, defendant intervened in a lawsuit in Wisconsin. It also participated in public affairs in Wisconsin by soliciting 15,000 Wisconsin residents to contact their Congresspersons in support of legislation favorable to it. Further, defendant maintained a governmental affairs office in Wisconsin where it employed one or more full-time employees. In addition, defendant regularly hired lobbyists on a contract basis to

4

lobby the Wisconsin legislature and Wisconsin administrative agencies and, in at least one recent year, spent over $100,000 on such activity.

Although I recognize and respect defendant's disagreement with my decision, it seems to me that it is difficult to reasonably dispute that, taken together, the above activities were substantial.

**THEREFORE, IT IS ORDERED** that defendant's motion to amend the decision and order by certifying it for interlocutory appeal is **DENIED.**

Dated at Milwaukee, Wisconsin this 22 day of June 2005.

/s_____
LYNN ADELMAN
District Judge

5

Case 2:03-cv-00703-LA   Filed 06/22/05   Page 5 of 5   Document 81